IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDWARD ALLEN ADAMS, | ) | |
| | ) | 4:05CV3008 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JO ANNE B. BARNHART, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This is an action for judicial review by the plaintiff, appearing pro se, of a final decision of the Secretary of Health and Human Services.[1]  Jurisdiction of this court is pursuant to 42 U.S.C. § 405 (g).  Plaintiff filed his application on June 13, 2001, alleging an effective disability date of April 13, 2000.  Plaintiff applied for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 *et seq.*  A second application by the plaintiff asked for supplemental security income benefits under 42 U.S.C. § 1381 *et seq.* Defendant denied plaintiff's application initially and upon reconsideration.  Plaintiff filed this action contending he is entitled to disability benefits.  Filing No. 1.

**Legal Standard**

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant is disabled when the claimant is "not only unable to do his previous work but cannot, considering . . . his age, education and work experience, engage in any other kind of

---

[1]Plaintiff had legal representation until the time of this appeal.

substantial gainful work which exists in [significant numbers in] the national economy  . . . either in the region in which such individual lives or in several regions of the country."

42 U.S.C. § 423(d)(2)(A).

An administrative law judge (ALJ) evaluates a disability claim according to a five-step sequential analysis prescribed by Social Security regulations. The ALJ examines

> any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education and work experience.  *See* 20 C.F.R. § 404.1520(a); *Braswell v. Heckler*, 733 F.2d 531, 533 (8th Cir. 1984).  If a claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience.  *See Braswell*, 733 F.2d at 533.  If the Commissioner finds that the claimant does not meet the Listings but is nevertheless unable to perform his or her past work, the burden of proof shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to perform other kinds of work, and second, that other such work exists in substantial numbers in the national economy.  *See Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).  A claimant's residual functional capacity is a medical question.  *See id*. at 858.

*Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000).

When reviewing the decision to not award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the Commissioner. *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995).  Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole.  *Eback v. Chater*, 94 F.3d 410, 411 (8th Cir. 1996). Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Ellison v. Sullivan*, 921 F.2d 816, 818 (8th Cir.1990).  "Substantial evidence is that which a reasonable mind

2

would find as adequate to support the ALJ's decision." *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996) (citing *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)).

In determining whether the evidence in the record as a whole is substantial, the court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). If the court finds that the record contains substantial evidence supporting the Commissioner's decision, the court may not reverse the decision because the record also contains substantial evidence that supports a different outcome or because the court would have decided the case differently. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

**Background**

At the time plaintiff alleges his disability, he was 48 years old, had a high school education and two years of college, and had received training as a printer.  He alleged disability due to arthritis and depression, hearing loss, concentration, memory and focus issues, back problems and headaches.  He had previously worked as a delivery driver, school bus driver, custodian, printer and cab driver.  Plaintiff testified that he had constant pain and could not be on his feet for more than two hours or sit for more than two hours in an eight-hour day. Tr. at 59-60.  He reads, watches television, visits with neighbors and has a sports card collection.  Plaintiff did his own house cleaning, shopping, laundry, food preparation, surfed the internet, and ran his eighteen-year-old daughter all over town.  Tr. at 26, 132-33 and 258.

Plaintiff argues that the combination of all of his medical impairments qualifies him as disabled.  He points to the fact that the Veteran's Administration (VA) has found him totally disabled.  This part of the evidence is somewhat confusing.  Plaintiff applied for VA

3

benefits on September 20, 2002.  The VA determined that plaintiff did not have a disability, yet he received a 100% disability.  The VA report states "[y]ou do not meet the schedular requirements of a single disability ratable at 60 percent or more, or two or more disabilities combining to 70 percent with at least on ratable at 40 percent.  However, considering the level of disability and other factors, such as your age, education and occupational background, an extraschedular permanent and total disability rating is authorized. . . ."  Tr. at 388.  Plaintiff testified that he would "probably" lose his VA benefits if he works.  Tr. at 55.

**Discussion**

### A.  Evidence

The ALJ determined that the plaintiff is not disabled.  This court agrees.  The evidence shows that plaintiff had knee pain for a number of years which has now been diagnosed as osteoarthritis of the knees.  Tr. at 341.  He has received steroid injections for the pain, and he has not had surgery for his knee pain.  In 2000 the records reflect that plaintiff received pain and depression medications.  Tr. at 297, 308-310.  Plaintiff reported to the Orthopedic Clinic for knee pain in March of 2001.  Tr. at 264-266.  Plaintiff received treatment in May 2001, for his depression, anxiety and concentration.  Tr. at 250.  Plaintiff testified that he had to quit college at this time, as he could not retain what he learned.  However, the previous semester he had received a B in his trigonometry class.  Tr. at 250.  Plaintiff testified that he lost his bus driving job, because of his leg pain, but he later testified that a claim of sexual harassment had been filed against him.  Tr. at 45-46, 250.  Thereafter, plaintiff moved to Arizona to be with his children and grandchildren.  He testified that he babysat for the grandchildren, ages two and five.  He drove himself to

4

Arizona.   Tr. at 50.  When he left Arizona, he returned by bus to Nebraska.  Tr. at 50-52.

Plaintiff has a history of depression, dating from 1997.   Tr. at 251.   He told one doctor he

quit his taxi job because his legs hurt, but told another doctor he quit because he could not

remember the names of the streets.   Tr. at 26, 349 and 357.

 Plaintiff sought medical assistance again in August 2001, for knee pain, but all tests

were negative.  Tr. at 474.  Plaintiff had a cough that had lasted for a couple of years.  Tr.

at 238.  It appears he received medication for reflux disorder.  In 2002, the Social Security

Administration  appointed  examiner,  Dr.  Wayne  Broky,  determined  that  plaintiff  had

degenerative joint disease in both knees, chronic lower back pain, chronic bilateral knee

and lower back pain, chronic cough, gastric reflux, a history of depression and short term

memory loss.   Tr. at 350.

 Dr. Alexander Piataka, Ph.D., also examined the plaintiff on behalf of the Social

Security Administration.   Dr. Piataka determined his organizational and memory scores

were in the superior range.  Dr. Piataka made a tentative diagnosis of cognitive disorder

with a few possible attention lapses.  Tr. at 363.  Dr. Piataka rated plaintiff's work related

mental abilities as satisfactory to very good except that the ability to relate to co-workers,

the public and supervisors; the ability to maintain attention or task persistence; the ability

to  understand,  remember,  and  carry  out  complex  job  instructions;  and  the  ability  to

demonstrate reliability were roughly rated as "satisfactory to seriously limited" secondary

to depressive symptoms, sleep disturbance, and decreased motivation. Tr. at 363.  Dr.

Piataka opined that plaintiff's ability to deal with work stresses was seriously limited.   Tr.

at 363.   A state agency psychologist determined that he did not find plaintiff significantly

limited in most areas, but found plaintiff would be moderately limited in the area of following

detailed instructions, completing a normal workday, and working continuously without a number of rest periods.  Tr. at 366-382.

At the time plaintiff applied for medical benefits from the VA, he told the examiner that he could do "almost anything" but not regularly, because of his memory and orthopaedic problems.  Tr. at 455.  Dr. James Hoff primarily noted hearing loss issues, tension headaches, short-term memory issues, joint disease of the knees, and back strain. He found the plaintiff not permanently or totally disabled.  Tr. at 457-458.  In October the VA notified plaintiff that he would begin receiving disability pension benefits.

Plaintiff also saw Dr. Jay Kenik for his knees in October 2002. Tr. at 454. Plaintiff again sought help for depression and lower back pain and received additional knee injections in 2003.   Tr. 437-446.   In May of 2003 plaintiff saw a psychiatrist, Dr. Charles Sprague, at the VA for depression.  He underwent a treadmill test and reached an exercise level of 10 METS.  Such level means plaintiff could carry as much as 90 pounds of weight.

During the hearing, the ALJ noted that plaintiff had filed for benefits in 1988 and 1994 and returned to work after each denial. Tr. at 33, 105. The vocational expert testified that plaintiff could return to his past relevant work as a newspaper deliverer and could perform 90-95% of the jobs in light and unskilled work and a full range of sedentary jobs.  Tr. at 66-67.  The VE further determined that the moderate limitations would not prohibit him from performing these jobs, but if the VE considered all of plaintiff's complaints to be credible, he could not perform any jobs.   Tr. at 67.

   *B.  Analysis*

The issue before the court is whether the ALJ's decision is supported by substantial evidence.  The ALJ determined that plaintiff is not disabled.  Tr. at 27.  Plaintiff argues that

the ALJ erred in not considering his testimony regarding his subjective complaints.  *See Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir. 1984).   The ALJ must weigh inconsistencies in the record.  *Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995).  "The determination of mental RFC is crucial to the evaluation of an individual's capacity to engage in substantial gainful work activity."  20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.00A.

The court finds that the ALJ reviewed plaintiff's complaints of pain, depression and memory loss.  The ALJ found plaintiff's pain significant but not disabling, particularly given plaintiff's activity level and his very limited use of pain killers.  It does appear that plaintiff has had depression issues for a number of years, but he has been able to work in spite of the depression.  There has been no showing by the plaintiff nor could the court find evidence in the record that would show a deterioration of plaintiff's depression.  *See Spradling v. Chater*, 126 F.3d 1072, 1075 (8th Cir. 1997).  The evidence shows that plaintiff has some memory problems, but the overall assessment is minimal memory issues.  It appears that plaintiff does have significant knee pain.  He has taken medicine off and on for a period of years for the pain.  Dr. Hoff of the VA found him not disabled.[2] Tr. at 20, 25, and 458.  The court finds the ALJ considered the plaintiff's objective and subjective complaints of pain.

To assist an ALJ making a disability determination, a vocational expert ("VE") is many times asked a hypothetical question to help the ALJ determine whether a sufficient

---

[2]The court does not here imply that the standard for disability benefits under the Veteran's Administration scheme is necessarily or always the same for disability under the Social Security disability provisions.

number of jobs exist in the national economy that can be performed by a person with a similar RFC to the claimant.   A hypothetical question is properly formulated if it incorporates impairments "supported by substantial evidence in the record and accepted as true by the ALJ."  *Guilliams v. Barnhart*, 393 F.3d 798,804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)).   "[A] vocational expert's responses to hypothetical questions posed by an ALJ constitutes substantial evidence only where such questions precisely set forth all of the claimant's physical and mental impairments." *Wagoner v. Bowen*, 646 F.Supp. 1258, 1264 (W.D. Mo. 1986) (citing *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir.1983)).   Courts apply a harmless error analysis during  judicial review of administrative decisions that are in part based on hypothetical questions.  For judicial review of the denial of Social Security benefits, an error is harmless when the outcome of the case would be unchanged even if the error had not occurred. *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003). A VE's testimony may be considered substantial evidence "only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies," *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997) (*citing Porch v. Chater*, 115 F.3d 567, 572-73 (8th Cir. 1997), *and Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996)).

The ALJ in this case determined that the allegations of pain and the other subjective complaints were not totally credible.  The ALJ posed a series of hypothetical questions to the VE based on the evidence the ALJ believed supported by the record.  The ALJ adequately phrased the questions and limitations to the VE.   *Long v. Chater*, 108 F.3d

185, 188 (8th Cir. 1997).  Accordingly, the court finds the plaintiff's argument in this regard lacks merit.

After carefully reviewing the record, the court finds the decision of the defendant is supported by substantial evidence in the record.

THEREFORE, IT IS ORDERED that the decision of the defendant is affirmed.   A separate judgment shall be entered in conjunction with this Memorandum and Order.

DATED this 1st day of December, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge